**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ILDER ARRIAZA-PACHECO, | No. 13-72814 |
| Petitioner, | Agency No. A205-321-201 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2015[**]

Before:     CANBY, BEA, and MURGUIA, Circuit Judges.

Ilder Arriaza-Pacheco, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Arriaza-Pacheco does not challenge the agency's denial of his asylum claim as time barred. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

Substantial evidence supports the agency's determination that Arriaza-Pacheco did not establish he was or would be persecuted on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *see also Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) (personal retribution is not persecution on account of a protected ground). We reject Arriaza-Pacheco's contention that the BIA erred in focusing its nexus analysis on the motivation of the purported persecutors. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-83 (1992) ("since the statute makes motive critical, he must provide *some* evidence of it, direct or circumstantial") (emphasis in original). We also reject Arriaza-Pacheco's due process contention. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due

process claim).  Thus, we deny Arriaza-Pacheco's petition as to his withholding of removal claim.

Finally, substantial evidence supports the agency's denial of CAT relief because Arriaza-Pacheco failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).  Thus, we deny the petition as to Arriaza-Pacheco's CAT claim.

**PETITION FOR REVIEW DENIED.**